UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE D. CROCCO, | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:04cv1608(JCH) |
| ADVANCE STORES CO. INC. et. al., | : | |
|    Defendants. | : | |
| | : | MARCH 20, 2007 |

**RULING ON DEFENDANTS' ADVANCE STORES CO. INC. AND JOSEPH S. GLORIOSO'S MOTION FOR REMAND TO STATE COURT [Doc. No. 96]**

This court having previously granted summary judgment in favor of the defendants on all of Crocco's federal claims, the defendants now move the court to decline to exercise supplemental jurisdiction over the remaining state law claims and issue an order remanding this case to Connecticut state court. The relevant facts are set forth in the court's previous ruling on summary judgment of March 16, 2006 [Doc. No. 73].

Section 1367(c)(3) of title 28 of the United States Code provides one circumstance when a district court may decline to exercise supplemental jurisdiction over a claim: if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). However, the language of this provision is discretionary, and federal courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). The Supreme Court has characterized the doctrine of pendant or

1

supplemental jurisdiction as one "of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values," and it has specifically stated that it does not establish a mandatory rule against exercising jurisdiction in all cases.  Id.

The court finds that this case differs from most of those cited by the defendants, where courts declined to exercise supplemental jurisdiction at the summary judgment stage or earlier.  Here, not only did this court already exercise jurisdiction over Crocco's state law claims at the summary judgment stage, by denying defendants' motion for summary judgment on these claims, but the summary judgment ruling in this case was issued on March 16, 2006, over one year ago.[1]  The court finds that the defendants' filing of this motion to remand appears to be a delaying tactic, and would cause Crocco to suffer further delay when her action is moved to state court.  Because this case is well beyond the summary judgment stage, and nearing trial-ready, this court will not exercise its discretion to dismiss the remaining state law claims.

Therefore, the court DENIES the defendants' motion to remand [**Doc. No. 96**].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of March, 2007.

                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge

---

[1] The court also issued a Ruling on Supplemental Motion for Summary Judgment [Doc. No. 78] on July 5, 2006, which granted summary judgment to defendants' City of Waterbury and Daniel C. Stanton on the basis of failure to state a claim and qualified immunity.  Thus, these defendants are no longer in the case.